IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KENT HYDE,

          Plaintiff,

     v.

UBER TECHNOLOGIES, INC., and
RASIER LLC,

          Defendants.

Case No. 3:26-cv-00392-YY

ORDER

**BAGGIO, District Judge:**

Plaintiff Kent Hyde brings this case against Defendants Uber Technologies, Inc., and Rasier LLC. Plaintiff asserts eight claims for relief including misclassification as an independent contractor, retaliation, sexual harassment, securities fraud, violations of Oregon's Unlawful Trade Practices Act, and wage theft. Third Am. Compl. ("TAC") ¶¶ 44–73, ECF No. 38. Plaintiff moves for a temporary restraining order ("TRO") and preliminary injunction. Pl.'s Mot.

1 – ORDER

TRO and Prelim. Inj. ("Pl.'s Mot."), ECF No. 40. Judge You referred Plaintiff's Motion to this Court. Order, ECF No. 43. For the reasons below, the Court denies Plaintiff's Motion.

Plaintiff asks the Court to: (1) "[p]rohibit Defendants from further deleting or altering electronic evidence, specifically sexual harassment records, earnings metadata, and customer chat logs" and (2) "[c]ompel Defendants to suspend all automated data-deletion cycles related to Plaintiff's accounts." Pl.'s Mot. 2; *see also* TAC ¶ 23 (alleging spoliation and removal of Plaintiff's access to records). The Court finds that Plaintiff fails to sufficiently show irreparable harm at this stage of the litigation. *See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) ("The basis of injunctive relief in the federal courts is irreparable harm and inadequacy of legal remedies."). First—as Plaintiff notes in his Motion—Defendants already have a "duty to preserve evidence that they know or should know is relevant to any claim or anticipated claim." *21st Century Centennial Ins. Co. v. U.S.*, No. 6:24-CV-00089-MTK, 2026 WL 550319, at *5 (D. Or. Feb. 26, 2026); Pl.'s Mot. 3 ("Defendants . . . are already under a legal duty to preserve evidence."). Second, there are "other vehicles available to address disappearing evidence, including sanctions for spoliation of evidence."[1] *In re Lorillard Tobacco Co.*, 370 F.3d 982, 989 (9th Cir. 2004); *see also* Fed. R. Civ. P. 37(e)(1) ("If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court . . . may

---

[1] The Court adds that the parties have not begun discovery in this matter. *See* Defs.' Resp. Pl.'s Mot. Leave to File TAC 3 ("Defendants request that this Court stay the discovery and pretrial deadlines previously set by this Court's Discovery and Pretrial Scheduling Order . . . to allow the Court to rule on the anticipated supplemental MTD/MTCA or other preliminary briefing before the parties have any obligation to participate in discovery."), ECF No. 36; Smart Decl. Ex. D, at 1 (counsel for Defendants writing to Plaintiff on May 19, 2026, "we may be able to provide some of the data *before we begin discovery*" (emphasis added)), ECF No. 46-4.

2 – ORDER

order measures no greater than necessary to cure the prejudice . . . .”). Third, even if a TRO was the only viable form of relief at this stage of the litigation, Plaintiff does not provide sufficient evidence that Defendants have improperly destroyed evidence. Specifically, Plaintiff argues that “critical evidence previously available to [him] within the Defendants’ systems has been deleted, altered, or made inaccessible.” Pl.’s Mot. Attach. 1, ¶ 3, ECF No. 40-1. But Plaintiff’s evidence never shows that Defendants ever deleted or altered evidence. *See, e.g., id.* (“Reports and logs detailing misconduct that I previously filed or viewed [were] removed after February 27th[,] 2026.”). In other words, Plaintiff’s lack of access to these cited records does not necessarily mean that Defendants *destroyed* them. *See Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009) (defining spoliation as the “destruction or significant alteration of evidence, or the failure to preserve property for another’s use as evidence, in pending or future litigation” (citation omitted)). At most, Plaintiff only shows that he no longer has access to the records referenced in his attached declaration. *See OWC Santa Cruz MFG LLC v. Lochhead*, No. 5:20-CV-05835-EJD, 2020 WL 4901626, at *2 (N.D. Cal. Aug. 20, 2020) (denying a motion for TRO, finding that “[the plaintiff’s] allegations are too conclusory to allow the Court to infer a risk of spoliation. [The plaintiff] notes that [the defendant] locked [the plaintiff] out of [the defendant’s] property for a period of time[,] . . . [the plaintiff] does not allege that it discovered any type of property destruction . . . .”). For the reasons explained above, the Court declines to grant Plaintiff’s request for temporary injunctive relief as to Plaintiff’s first and second requests.

Plaintiff also asks the Court to “[e]njoin Defendants from continuing the discriminatory and retaliatory conduct alleged in the Third Amended Complaint that has occurred postremoval (Feb 27, 2026).” Pl.’s Mot. 2. But Plaintiff never argues that he will suffer irreparable harm from Defendants’ alleged discrimination and retaliation absent issuance of a TRO. *See All. for the*

3 – ORDER

*Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) ("[P]laintiffs may not obtain a preliminary injunction unless they can show that irreparable harm is likely to result in the absence of the injunction."). While Plaintiff argues that he will suffer irreparable harm stemming from Defendants' alleged spoliation of evidence, Plaintiff offers no argument that Defendants' alleged discrimination or retaliatory conduct will cause Plaintiff irreparable harm. Accordingly, the Court declines to grant Plaintiff's request for temporary injunctive relief as to Plaintiff's third request.

## CONCLUSION

The Court DENIES Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [40].

IT IS SO ORDERED.

DATED this __2nd__ day of June, 2026.

 

 

AMY M. BAGGIO
United States District Judge

4 – ORDER